# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|                                              |     |                              |
|----------------------------------------------|-----|------------------------------|
| GRETCHEN CARTER,                             | )   |                              |
|                                              | )   |                              |
|     Plaintiff,           | )   |                              |
|                                              | )   |                              |
| v.                                           | )   | Case No. 4:17-CV-00847-NCC   |
|                                              | )   |                              |
| NANCY A. BERRYHILL,                          | )   |                              |
| Acting Commissioner of Social Security       | )   |                              |
|                                              | )   |                              |
|     Defendant.           | )   |                              |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Gretchen Carter ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II, 42 U.S.C. §§ 401, *et seq.* and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 14), Defendant has filed a brief in support of the Answer (Doc. 17), and Plaintiff has filed a reply brief (Doc. 18). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 8).

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for DIB and SSI in January 2009 (Tr. 102-06). Plaintiff was initially denied on April 10, 2009, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 61-62, 68-72). After a hearing, by decision dated June 12, 2010, the ALJ found Plaintiff not disabled (Tr. 7-20). On June 30, 2011, the Appeals Council denied Plaintiff's request for review (Tr. 1-5). Plaintiff appealed to the United States

District Court for the Eastern District of Missouri and the Honorable Nannette A. Baker reversed and remanded Plaintiff's case to the Commissioner on May 14, 2013 (Tr. 1006-21). Accordingly, the Appeals Counsel remanded the case to an ALJ for further proceedings consistent with the Court's order (Tr. 1022-25). While her case was pending before this court, in April 2013, the Commissioner found Plaintiff disabled beginning May 18, 2011 under a subsequent SSI application (Tr. 1702). After a second hearing, in a decision dated February 7, 2014, a different ALJ found Plaintiff not disabled (Tr. 931-950). Plaintiff again sought judicial review from this Court and the Honorable Nannette A. Baker again reversed and remanded the case to the Commissioner on July 22, 2015 (Tr. 1784-95). After a third hearing, by decision dated April 25, 2016, the current ALJ found Plaintiff not disabled prior to May 18, 2011 (Tr. 1702-12). On January 10, 2017, the Appeals Counsel denied Plaintiff's request for review of the April 2016 decision (Tr. 1688-94). As such, the ALJ's April 25, 2016 decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff meets the insured status requirement through September 30, 2009 (Tr. 1705). The ALJ found Plaintiff has not engaged in substantial gainful activity since November 15, 2004, the alleged onset date (*Id.*). The ALJ further found Plaintiff has the severe impairments of diabetes mellitus, retinopathy, cataracts, retinal detachments, and hypoglycemic episodes, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*).

After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the

following nonexertional limitations (*Id.*). She should never climb ropes, ladders, or scaffolds (*Id.*). She should avoid all exposure to unprotected heights and hazardous machinery (*Id.*). She should avoid work that requires depth perception (*Id.*). The ALJ found Plaintiff capable of performing her past relevant work as a hand packager (Tr. 1710). The ALJ alternatively found that there are other jobs that exist in significant numbers in the national economy that she can perform including furniture rental consultant, usher, and school bus monitor (Tr. 1710-11). Thus, the ALJ concluded that Plaintiff has not been under a disability from November 15, 2004 to May 17, 2011 (Tr. 1712). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484

F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's

decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff raises two issues. First, Plaintiff asserts that the ALJ erred in finding Plaintiff able to return to past work as a hand packager at step four of the sequential evaluation because, according to the Dictionary of Occupational Titles ("DOT"), the position requires occasional depth perception which was precluded by the RFC (Doc. 14 at 7). Second, Plaintiff argues that, at step five, the ALJ erred in failing to weigh the opinion the vocational expert ("VE") and the error was not harmless because the VE's opinion was so unreliable as not to be substantial evidence (*Id.*). The Commissioner acknowledges that the hand packager job requires occasional depth perception (Doc. 17 at 5). However, the Commissioner asserts that the ALJ's finding that Plaintiff could perform other work in the economy at step five is substantial evidence of non-disability (*Id.*).

At step five of the sequential analysis, the Commissioner has the burden to establish that a claimant maintains the RFC to perform a significant number of jobs within the national economy. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). When, as is the case here, a claimant has nonexertional limitations, vocational expert testimony is required for the Commissioner to carry her burden. *Id.* In questioning the VE, an ALJ must pose a hypothetical question which properly captures the concrete consequences of the claimant's deficiencies. *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001). "A vocational expert's testimony based on a properly phrased hypothetical question constitutes substantial evidence." *Goff*, 421 F.3d at 794. However, the VE's opinion is not binding on the ALJ[;] the ALJ must weigh a VE's opinion

along with all other evidence. HALLEX I-2-5-48 (S.S.A.), 1994 WL 637379 (last updated Jun. 16, 2016).

At Plaintiff's most recent hearing, the ALJ asked the VE whether a claimant of Plaintiff's age, education, work experience, and RFC, including her limitation regarding depth perception, could perform other work in the economy (Tr. 1760). The VE testified that Plaintiff could perform other work as a furniture rental consultant (DOT #295.357-018), (2) usher (DOT #344.677-014), and school bus monitor (DOT #372.667-042) (*Id.*). The VE further testified that there are 51,341 jobs in the national economy as a furniture rental consultant, 5,119 jobs in the national economy as an usher, and 1,309 jobs in the national economy as a school bus monitor (Tr. 1760-61). The VE expanded on the number of jobs in the national economy as a school bus monitor, stating "And the numbers are much greater than that. That's just a small sampling, but I don't know what the exact numbers are" (Tr. 1761). The ALJ specifically asked the VE if her answers were consistent with the DOT (Tr. 1762). The VE responded that her answers were consistent, except for the questions regarding breaks and absences, not at issue in this case (*Id.*). Based on the VE's testimony, the ALJ found that there were other jobs existing in the national economy that Plaintiff was able to perform (Tr. 1710).

The Court finds that the Commissioner met her burden at step five of the sequential evaluation process of establishing that jobs existed in the economy that Plaintiff was capable of performing. Plaintiff does not dispute that the ALJ properly included all of Plaintiff's credible limitations in her hypothetical to the VE but that the testimony of the VE, in light of its multiple conflicts with the DOT, was so unreliable as not to be substantial evidence (Doc. 14 at 10). Indeed, the Commissioner acknowledges that the job of school bus monitor requires depth perception beyond Plaintiff's RFC and, therefore, does not rely on the job to support the ALJ's

7

finding at step five (Doc. 17 at 6). However, even with the apparent, unresolved conflict regarding the job of school bus monitor, the VE testified that Plaintiff could also perform the jobs of furniture rental consultant and usher and Plaintiff does not argue that these jobs conflict with Plaintiff's RFC (Tr. 1760-61). *Cf. Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014) (finding the VE's testimony not to constitute substantial evidence with which the Commissioner can meet her burden at step five when *both* jobs the VE testified plaintiff could perform conflicted with his RFC). *See also cf. Porch v. Chater*, 115 F.3d 567, 571-72 (8th Cir. 1997) (same). Plaintiff argues that the only way the Commissioner may rely on the VE's testimony regarding the available number of furniture rental consultant and usher jobs in the national economy is if the ALJ assigned the VE controlling weight which would not be harmless error as the VE's errors show the unreliability of her testimony (Doc. 14 at 12). "But the [Eighth] Circuit has expressly held that a VE's 'mistaken recommendation' can be harmless error where the VE has recommended other work that a claimant can perform with her RFC." *Salsbury v. Berryhill*, No. 5:16-CV-06169-NKL, 2017 WL 4392051, at *11 (W.D. Mo. Oct. 3, 2017) (quoting *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014)). Further, the number of furniture rental consultant jobs (51,341) and the number of usher jobs (5,119) in the national economy are sufficient to establish the availability of other jobs Plaintiff can perform. *See, e.g., Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (listing 330 surveillance systems monitor and call out jobs).

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

8

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 23rd day of March, 2018.

                                                /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE